**Opinion issued August 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00439-CV

———————————

**ABDUL REHMAN, Appellant**

**V.**

**ELITE DISTRIBUTORS, INC. D/B/A JOHNNY'S CUSTOM JEWELRY,**
**Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-38598**

---

## MEMORANDUM OPINION

On June 11, 2025, appellant, Abdul Rehman, proceeding pro se, filed a notice

of appeal from the trial court's March 11, 2025 final judgment. On July 11, 2025,

appellee, Elite Distributors, Inc., doing business as Johnny's Custom Jewelry, filed

a Motion to Dismiss Appeal, arguing that the Court lacked jurisdiction over the appeal because appellant's notice of appeal was not timely filed.

We grant appellee's motion and dismiss the appeal for lack of jurisdiction.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. However, where a party timely files certain post-judgment motions, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1).

The record does not reflect that appellant filed a post-judgment motion in the trial court. Accordingly, to invoke this Court's appellate jurisdiction over the trial court's March 11, 2025 judgment, appellant was required to file a notice of appeal on or before April 10, 2025. Appellant's June 11, 2025 notice of appeal was not timely filed.

The time within which to file a notice of appeal may be enlarged, however, if, within fifteen days after the deadline for filing the notice of appeal, an appellant files a notice of appeal in the trial court and a motion for extension of time to file the notice of appeal in the appellate court. *See* TEX. R. APP. P. 10.5(b), 26.3.

Accordingly, to invoke this Court's appellate jurisdiction, appellant was required to file a notice of appeal in the trial court and a motion for extension of time

2

to file a notice of appeal in the appellate court on or before April 25, 2025. *See* TEX. R. APP. P. 26.1(a)(1), 26.3. Appellant's June 11, 2025 notice of appeal was therefore not timely filed, and appellant did not file a motion for extension of time to file a notice of appeal in this Court. Because appellant failed to file a timely notice of appeal, we lack jurisdiction over this appeal.

Appellee's motion to dismiss does not include a certificate of conference stating whether all other parties are opposed to the relief requested. *See* TEX. R. APP. P. 10.1(a)(5). However, more than ten days have passed, and appellant has not responded to appellee's motion to dismiss. *See* TEX. R. APP. P. 10.3(a).

Accordingly, we grant appellee's motion and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.